IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BRITNEE McCLEVELAND,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 5:23-cv-00325** |
| | § | |
| **FERGUSON, LLC, d/b/a** | § | |
| **FERGUSON INDUSTRIAL,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Ferguson Enterprises, LLC ("Ferguson" or "Defendant"),[1] pursuant to 28 U.S.C. §§ 1331, 1332, and 1446, through undersigned counsel, removes the above-captioned civil action currently pending in the 285th Judicial District Court of Bexar County, Texas, Cause No. 2023CI00604 (the "State Court Action"), to the United States District Court for the Western District of Texas, San Antonio Division.

**I. STATEMENT OF THE CASE**

1. On January 10, 2023, Plaintiff Britnee McCleveland ("Plaintiff") filed an Original Petition and Jury Demand (the "Complaint") in the State Court Action, alleging claims under 42 U.S.C. § 1981 ("Section 1981"). Plaintiff seeks "monetary relief over $250,000.00," plus additional costs and attorneys' fees. A copy of the Complaint along with all other documents served on Defendant is attached as **Exhibit A**.

2. On January 13, 2023, the Court issued a citation and on February 16, 2023, Plaintiff served Defendant. *See* Exhibit A.

---

[1] Ferguson did not have a contract with nor employ Plaintiff and is therefore an improper party to this action. Moreover, Ferguson, LLC is a misnomer. The correct corporate entity is Ferguson Enterprises, LLC.

## II.  VENUE

3.      Venue for purposes of this Notice of Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas—the location of the pending State Court Action.[2] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(4).

## III.  GROUNDS FOR REMOVAL

**A.      Federal Question Jurisdiction**

4.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5.      Here, the Complaint alleges that Defendant violated Section 1981.

6.      Because Section 1981 arises under the laws of the United States, the Court has original jurisdiction over this action.

**B.      Diversity Jurisdiction**

7.      The Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different states."

8.      Here, there is complete diversity of citizenship between Plaintiff and Defendant.

9.      Plaintiff is a natural person and, as such, her citizenship is determined by her state of domicile.  *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  Plaintiff is a citizen of the State of Texas.  *See* Exhibit A, Compl. ¶ 1.

---

[2] Defendant does not concede that venue is proper for any reason other than removal pursuant to 28 U.S.C. § 1441(a), and expressly reserves the right to object to venue, if necessary.

10. Defendant is a Virginia limited liability company. *See* **Exhibit B** (Declaration of Teresa Cooper) at ¶ 5. As such, its citizenship is determined by the citizenship of its members. *See Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.").

11. Ferguson Enterprises, LLC has only one member: it is wholly owned by Ferguson US Holdings, Inc., a Virginia corporation with a principal place of business in Virginia. *See* Cooper Decl. at ¶ 6. "For the purposes of diversity jurisdiction, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). A corporation's "principal place of business" is where its "nerve center" is located. *Hertz Corp. v. Friend*, 559 U.S. 77, 130 (2010). Ferguson US Holdings, Inc. is incorporated in Virginia and its corporate headquarters are located in Newport News, Virginia. Cooper Decl. at ¶ 6. Newport News is where the corporation's officers and directors are located, and where they engage in "direction, control, and coordination" of the corporation's activities. *Id*. Decisions about the corporation's "business strategy and finances are decided in Newport News." *Id*. Newport News is also where the corporation's corporate records are stored. *Id*. Accordingly, Ferguson US Holdings, Inc. is a citizen of Virginia.

12. Because its sole member is a citizen of Virginia, Defendant is also a citizen of Virginia.

13. Therefore, complete diversity exists because Plaintiff is a citizen of Texas and Defendant is a citizen of Virginia.

14. In addition to complete diversity, the amount in controversy must exceed $75,000

to establish diversity jurisdiction. 28 U.S.C. § 1332(a).

15. As set forth in the Complaint, Plaintiff seeks damages in excess of $250,000. Exhibit A, Compl. ¶ 10. As a result, the amount "in controversy exceeds the sum or value of $75,000" under 28 U.S.C. § 1332(a).

### IV. PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

16. Defendant was served on February 16, 2023. *See* Exhibit A.

17. Removal of this action is timely under 28 U.S.C. § 1446(b) because thirty (30) days have not elapsed since Plaintiff served Defendant.

18. Venue for purposes of removal is likewise proper to the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar, Texas, where the State Court Action is pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(d)(4).

19. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action, are attached hereto. *See* Exhibit A.

20. Pursuant to 28 U.S.C. § 1446(d), with filing this Notice of Removal, Defendant is providing Plaintiff with written notice of removal, and a copy of this Notice of Removal is being filed with the Clerk of the 285th Judicial District Court of Bexar County, Texas.

### V. CONCLUSION

21. In summary, this Court has federal question and diversity jurisdiction over this action, and this Notice of Removal is timely. Section 1981 arises under the laws of the United States. In addition, the parties are diverse, and based on Plaintiff's demand for damages, the amount in controversy exceeds $75,000. Accordingly, removal is proper.

Dated: March 16, 2023                             Respectfully submitted,

                                                  */s/ Joel S. Allen*
                                                  Joel S. Allen
                                                  Texas Bar No. 00795069
                                                  jallen@mcguirewoods.com
                                                  McGuireWoods LLP
                                                  2000 McKinney, Suite 1400
                                                  Dallas, TX  75201
                                                  Telephone: 214.932.6400
                                                  Facsimile:  214.932.6499

                                                  *Attorney for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of March, 2023, a true and correct copy of the above was filed electronically with the Court and served on counsel of record as follows:

Dennis L. Richard
Law Office of Dennis L. Richard
14255 Blanco Road
San Antonio, Texas 78216
Dennislrichardlaw@gmail.com

                                                  */s/ Joel S. Allen*